UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AARON ELL (#477309)                                         CIVIL ACTION

VERSUS

BURL CAIN, ET AL.                                           NO. 12-0775-JJB-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this 2nd day of April, 2013.

RICHARD L. BOURGEOIS, JR.
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AARON ELL (#477309)                                                    CIVIL ACTION

VERSUS

BURL CAIN, ET AL.                                                      NO. 12-0775-JJB-RLB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Secretary James LeBlanc, Ass't Warden Chad Menzina, Major Trent Barton, Col. Jimmy Smith, Classification Officer Jennifer Ellis and Mental Health Officer Dave Ankenbrand. The plaintiff alleges that he was charged with two disciplinary reports on August 25, 2011, accusing him of engaging in an "aggravated fight" with a co-inmate and of being in possession of contraband (a handcuff key). He was then transferred to LSP on August 29, 2011 and, upon arrival, was classified to the Camp J Management Program at that institution, a maximum security extended lockdown classification. He successfully appealed the resulting disciplinary sentence, however, and as a result of this successful appeal, the disciplinary sentence was reversed, the disciplinary charges were ordered expunged from his prison record, and his canteen and yard privileges were ordered reinstated. The plaintiff complains, however, that he has since been maintained in segregated confinement at Camp J at LSP, which is a punitive housing classification. He further complains that during subsequent periodic reviews of his classification status, the defendants have wrongly denied him a transfer to a less onerous housing assignment.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought in forma pauperis by a prisoner against a governmental entity or an officer or

employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.  An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).  A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"  Id.  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional.  Neiztke v. Williams, supra.  Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915.  Id.; Ancar v. SARA Plasma, Inc., 964 F.2d 465 (5th Cir. 1992).  A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed.  See Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).

Applying the foregoing standard to the plaintiff's claims, the Court finds that the plaintiff's Complaint fails to state a claim cognizable in this Court.  Initially, it appears that the plaintiff's claim asserted against defendant Chad Menzina must be dismissed as duplicative.  In a separate lawsuit filed by the plaintiff before this Court, Aaron Ell v. Chad Menzina, Civil Action No. 12-0024-BAJ-SCR (M.D. La.), the plaintiff asserted the identical claim against defendant Menzina of alleged continued wrongful confinement at Camp J at LSP.  Pursuant to Order of Dismissal in that case, dated January 31, 2013, that proceeding has been dismissed as legally frivolous.  "A case may be dismissed as malicious if it duplicates claims that the same plaintiff has raised in previous or

pending litigation." Lewis v. Secretary of Public Safety and Corrections, __ F.3d __, 2013 WL 219203 (5th Cir., Jan. 21, 2013) (slip opinion). The plaintiff's claim asserted against defendant Menzina in the instant case is therefore subject to dismissal for the same reasons.

Turning to the plaintiff's claim asserted against the remaining defendants, the Court first finds, with regard to defendants James LeBlanc and Burl Cain, that the plaintiff has failed to allege sufficient personal involvement by these defendants in the events alleged. In this regard, in order for an official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756, at 768 (5th Cir. 1983). Any allegation that these defendants are responsible for the actions of their subordinates or co-employees is alone insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must establish that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. Lozano v. Smith, supra.

Upon a review of the plaintiff's allegations, it appears that the plaintiff has insufficiently alleged that either Warden Cain or Secretary LeBlanc has taken any action which may be characterized as a violation of the plaintiff's constitutional rights. Specifically, as Head Warden at LSP and Secretary of the Louisiana Department of Public Safety and Corrections, respectively, these defendants stand principally in a supervisory role with regard to the day-to-day operation of LSP and the Louisiana Department of Corrections. The plaintiff makes no suggestion that either defendant was present or participated in the plaintiff's original disciplinary charge, in the subsequent disciplinary proceedings, in the determination to maintain the plaintiff at Camp J after reversal of the disciplinary sentence, or in the periodic reviews of the plaintiff's custody classification thereafter.

Nor does the plaintiff makes any assertion that these defendants have been aware of his housing classification at any time or have participated directly or personally in determining where the plaintiff should be assigned at LSP. Accordingly, in the absence of any allegation of direct or personal participation by defendants Cain or LeBlanc in the events alleged, the plaintiff fails to state a claim relative to these defendants, and they are entitled to dismissal from this proceeding.

Turning to the plaintiff's claim asserted against defendants Trent Barton, Jimmy Smith, Jennifer Ellis and Dave Ankenbrand, the plaintiff apparently complains that these defendants have participated in periodic reviews of the plaintiff's custody status and have improperly determined to maintain the plaintiff at Camp J. This claim, however, fails to rise to the level of a constitutional violation. The classification of prisoners is a matter left to the sound discretion of prison officials, Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983), and prison officials are granted broad administrative and discretionary authority over the institutions they manage and the lawfully incarcerated persons under their control. Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). So long as the conditions and degree of confinement faced by an inmate are within the sentence imposed and do not otherwise violate the Constitution, the due process clause does not itself subject a prison official's treatment of an inmate to judicial oversight. Id. Further, where the decision to keep an inmate is reasonably related to legitimate security objectives and is not an exaggerated response to security considerations, there is no denial of due process. McCord v. Maggio, 910 F.2d 1248 (5th Cir. 1990).

This test is met in the instant case. Specifically, the plaintiff does not dispute that he was transferred to LSP in August, 2011, after having been involved in an aggravated fight with a co-inmate and having been discovered with a handcuff key at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. Upon such transfer, the plaintiff was classified to the Camp J Management Program due, apparently, to security concerns resulting from the referenced fight and contraband. Specifically, prison officials determined that an initial placement of the plaintiff in a restrictive

environment at LSP was appropriate, and the Court will not second-guess this determination. Further, upon reversal of the disciplinary sentence imposed against the plaintiff in connection with the referenced fight and contraband, the plaintiff was not entitled to any particular re-classification. As stated in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), it is only those restrictions which impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" that will invoke the prospect of state-created liberty interests and the resulting protection of the Due Process Clause.  Thus, while Sandin makes clear that punishments which impact upon the duration of an inmate's confinement, which exceed the sentence in an unexpected manner, or which impose "atypical and significant hardship[s]" may give rise to the protection of the Due Process Clause, more routine disciplinary classifications will not invoke this constitutional protection.  See Dickerson v. Cain, 241 Fed.Appx. 193 (5th Cir. 2007) (holding that the plaintiff failed to show that placement in Camp J at LSP presents "an atypical or significant hardship beyond the ordinary incidents of prison life").  The plaintiff's claims here likewise fail to make such a showing.

Accordingly, the plaintiff's claim in the instant case that he was not afforded appropriate due process during periodic reviews of his custody status may not be seen to infringe upon any constitutionally protected liberty interest.  See Woods v. Edwards, 51 F.3d 577 (5th Cir. 1995).  In Woods, supra, the Court upheld the dismissal of a claim by an inmate that he had been maintained in segregated confinement at LSP for more than four (4) years, with the reason given by periodic review boards for such confinement being the serious nature of the original offenses.  The Court found that, in providing the inmate with periodic reviews of his custody status, prison officials had provided him with all the process that was due.  Similarly in the instant case, the plaintiff concedes in his Complaint that he has been provided with periodic reviews of his custody status and that the pertinent review boards have made a determination, in their discretion, as to the plaintiff's appropriate classification and custody level.  Accordingly, the Court finds that the plaintiff has failed

to state a viable claim of the denial of due process in connection with his maintenance at Camp J.

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(g) and 1915A.[1]

Baton Rouge, Louisiana, this 2ND day of April, 2013.

RICHARD L. BOURGEOIS, JR.
MAGISTRATE JUDGE

---

[1] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."